O

# United States District Court
# Central District of California

| | |
|---|---|
| THOMAS H. WAGNER,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY et al.,<br><br>    Defendants. | Case No. 2:16-cv-06259-ODW (PLA)<br><br>**ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS' SPECIAL MOTION TO STRIKE DEFAMATION CLAIM PURSUANT TO C.C.P. SECTION 425.16 [138]** |

## I. INTRODUCTION

Plaintiff, Thomas H. Wagner, brings this action against Defendants, Southern California Edison Company ("SCE") and Edison International, for various claims related to Defendants' termination of Plaintiff's employment. Defendants move to strike Plaintiff's claim for defamation pursuant to California Code of Civil Procedure section 425.16. (Mot. to Strike ("MTS") 7, ECF No. 138.) For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Strike.[1]

---

[1] After considering the papers filed in connection with this Motion, the Court deemed this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

On August 26, 2014, Plaintiff and his immediate supervisor, Michael Diaz, were involved in an argument at SCE's Santa Barbara service center. (MTS 8.) As a result, on September 2, 2014, Plaintiff emailed Mr. Diaz's supervisor, Alicia Pillado, and a human resource representative, Adebola Ayorinde, requesting "OSHA" (Occupational Safety and Health Administration) be brought in along with a third-party to investigate the incident. (Decl. of Reginald Roberts ("Roberts Decl.") Ex. B, ECF No. 138-1.) On the same day, Ms. Pillado forwarded this email to SCE's Senior Employee Relations Consultant, Oran LeGrande, who ultimately conducted an investigation into the incident. (*Id.*) On September 9, 2014, Plaintiff lodged a complaint to SCE's Ethics Hotline regarding the incident. (MTS 8.) Also, on September 9, 2014, Mr. LeGrande initiated his investigation. (Decl. of David S. Secrest ("Secrest Decl.") Ex. B, ECF No. 150-2.) On September 24, 2014, Plaintiff filed a safety complaint with the U.S. Department of Labor's Occupational Safety and Health Administration ("DOL OSHA"). (Roberts Decl. Ex. C.)

On September 30, 2014. Mr. LeGrande completed his investigation and closed his file. (Secrest Decl. Ex. B.) Mr. LeGrande investigated three allegations: (1) whether Mr. Diaz was "out of line" on August 26, 2014; (2) whether the workplace was unsafe as a result of Mr. Diaz's behavior; and (3) whether Mr. Diaz had a history of being overly aggressive. (*Id.*) Mr. LeGrande concluded that the first allegation was partially substantiated that Mr. Diaz did lose decorum, but that Plaintiff "did not put his full energy into assisting his supervisor as asked and later directed." (*Id.*) Mr. LeGrande also found the second and third allegations unsubstantiated. (*Id.*)

On October 1, 2014, Plaintiff filed a complaint with California's Division of Labor Standards Enforcement. (Roberts Decl. Ex. D.) On or about October 3, 2014, Plaintiff filed a retaliation complaint with Cal-OSHA. (Decl. of Thomas Wagner ("Wagner Decl.") ¶ 28, ECF No 150-1.)

On October 13, 2014, Mr. Diaz sent a letter to SCE's human resources department documenting his concerns about Plaintiff as a member of his team. (Roberts Decl. Ex. A.) This letter serves as the first foundation of Plaintiff's defamation claim. (*See* Opp'n to MTS ("Opp'n") 2–3, ECF No. 151.) Mr. Diaz's letter claimed that: Plaintiff made comments behind his back; Plaintiff was caught going through the supervisor's office; Plaintiff sexually harassed multiple women; and Plaintiff did not exhibit SCE's core values, among other concerns. (Roberts Decl. Ex. A.)

On October 16, 2014, SCE's workers' compensation representative, Karen Phillipo, initiated a workers' compensation claim on Plaintiff's behalf. (*See* Decl. of Kenneth R. Kurasz ("Kurasz Decl.") Ex. A, ECF No. 138-3.) The workers' compensation form indicates that California law required employers to report occupational injury if they receive knowledge of such injury. (*Id.*) Ms. Phillipo received information that Plaintiff advised SCE's third-party claims administrator, Sedgwick, that if he did not receive a leave of absence for stress, it could lead to workplace violence. (*Id.*) On October 17, 2014, a workers' compensation representative from SCE reached out to Mr. Diaz to investigate the workers' compensation claim. (*Id.*) Mr. Diaz informed the representative, among other things, that (1) Plaintiff would do anything to get the supervisor fired; (2) Plaintiff made reference to the ethnicity of a supervisor and manager; (3) Plaintiff sexually harassed several women; and (4) there was a sexual harassment claim against Plaintiff. (*Id.*) Mr. Diaz's statement to the workers' compensation representative form the second foundation of Plaintiff's defamation claim. (Opp'n 2–3.)

### III. LEGAL STANDARD

California's anti-SLAPP (Strategic Lawsuit against Public Participation) statute allows defendants to make a special motion to strike a claim if that claim arises from an act by the defendants to further their right of petition or free speech in connection with a public issue. Cal. Civ. Proc. Code § 425.16(b)(1); *see also Newsham v.*

*Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (concluding that the twin aims of the *Erie* doctrine "favor application of California's anti-SLAPP statute in federal cases"). An act qualifies for protection under this statute if it falls within one of four categories:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law[;] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law[;] (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest[;] or (4) any conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. § 425.16(e).

Analyzing an anti-SLAPP motion involves a two-step process. First, a court determines whether the defendants have made a prima facie showing that the plaintiff's claims arise from an act protected under the statute. *Ingles v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1061 (2005). To make this determination, a court should look to any pleadings or affidavits that state facts supporting or refuting the parties' theories of liability or defense regarding the claim. *Martinez v. Metabolife Int'l Inc.*, 113 Cal. App. 4th 181, 186 (2003). In the first prong, courts do not consider the legitimacy of the plaintiff's claims. *Coretronic Corp. v. Cozen O'Connor*, 192 Cal. App. 4th 1381, 1388 (2011).

If the defendant makes the required prima facie showing, the burden shifts to the plaintiff to demonstrate "a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1). The plaintiff must provide admissible evidence to establish that "the complaint is legally sufficient and supported by a prima facie showing of facts [that] sustain a favorable judgment." *Metabolife Int'l, Inc. v.*

*Wornick*, 264 F.3d 832, 840 (9th Cir. 2001). If the plaintiff fails to make this showing by a preponderance of the evidence, a court must grant the motion to strike and award the prevailing defendant attorneys' fees and costs. Cal. Civ. Proc. Code § 425.16(c)(1); *Ingles*, 129 Cal. App. 4th at 1061–62.

## IV. DISCUSSION

Plaintiff's claim for defamation is based two statements: Mr. Diaz's letter to Ms. Pillado and human resources, and Mr. Diaz's oral statement to SCE's workers' compensation representative.

Communications in preparation and in anticipation of litigation "or other official proceeding are within the protection of the litigation privilege of Civil Code section 47 . . . [and] such statements are equally entitled to the benefits of section 425.16. *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999); *see also Bailey v. Brewer*, 197 Cal. App. 4th 781, 789 (2011). Even if litigation has not commenced, a statement that concerns the subject of the dispute and is made in anticipation of litigation "contemplated in good faith and under serious consideration" may be considered petitioning activity protected by the anti-SLAPP statute. *Bailey*, 197 Cal. App. 4th at 789–90.

### A. The Letter to Human Resources

The first foundation of Plaintiff's defamation claim is Mr. Diaz's letter to SCE's human resource and his supervisor, Ms. Pillado. (Opp'n 2–3.) The letter generally documented Mr. Diaz's concerns about Plaintiff's behavior. (*See* Roberts Decl. Ex. A.)

Defendants argue that this letter meets the first prong of the anti-SLAPP analysis because Mr. Diaz prepared notes in anticipation of litigation and Plaintiff's Cal-OSHA proceedings, and that this letter was an example of the notes he took. (Mot. 13.) Mr. Diaz's declaration indicated that after he became aware of Plaintiff's various complaints, both internally and externally, he began documenting various incidents and observations involving Plaintiff, which he ultimately sent to his

supervisor and human resources. (Decl. of Michael Diaz ("Diaz Decl.") ¶¶ 4-5, ECF No. 138-4.)

However, in Mr. Diaz's deposition, Mr. Diaz indicated that he sent this letter to human resources because he "was trying to paint a picture of [Plaintiff's] behavior . . . [that] [h]e wasn't a good employee." (Secrest Decl. Ex. A ("Diaz Dep.") 153:17–19.) Mr. Diaz did not state that this letter was provided to human resources in anticipation of litigation, the internal investigation, or the Cal-OSHA proceedings. (*See* Diaz Dep. 181:11–22.) Nor did he indicate that the letter was prepared in anticipation of litigation or that he was aware of any Cal-OSHA proceedings. Further, human resources did not request the letter from Mr. Diaz; human resources actually told Mr. Diaz to stop informing them of everything that was going on. (Diaz Dep. 181:13–182:4.) Statements made to human resources, without more, are not protected by the anti-SLAPP statute. *See Olaes v. Nationwide Mutual Ins. Co.*, 135 Cal. App. 4th 1501, 1505–10 (2006) (finding that a human resource department's investigation, even though the investigation mimicked those of a government agency, was not protected by the anti-SLAPP statute). Mr. Diaz's unsolicited letter to human resources does not appear to be related to any proceedings. It appears to simply be a complaint to human resources about Plaintiff.

Based on the evidence before the Court, Mr. Diaz's letter to human resources does not satisfy the first prong of the anti-SLAPP statute, and thus does not qualify for protection under the statute. Accordingly, the Court does not reach the second prong of the anti-SLAPP statute on this issue.[2]

---

[2] This does not mean that the letter is not subject to the common interest privilege as provided by California Civil Code section 47. *See Deaile v. Gen. Tel. Co. of Cal.*, 40 Cal. App. 3d 841, 849–50 (1974) (stating that employers are privileged "to ascertain whether an employee has breached his responsibilities of employment and if so, to communicate, in good faith, that fact to others within its employ").

**B.      Statement to SCE's Workers' Compensation Representative**

The second basis of Plaintiff's defamation claim is Mr. Diaz's oral statements to SCE's workers' compensation representative.

The anti-SLAPP statute protects statements made in connection with "any other official proceeding authorized by law." Cal. Civ. Proc. § 425.16(e)(2). This includes quasi-judicial proceedings such as workers' compensation proceedings. *See Premier Medical Management Systems, Inc. v. Cal. Ins. Guarantee Ass'n*, 136 Cal. App. 4th 464, 477 (2006) (applying the anti-SLAPP statute to claims arising from activity in workers' compensation process). This protection extends to actions taken before and after the "other proceedings." *Bailey*, 197 Cal. App. 4th at 789.

Here, Mr. Diaz's oral statements to the workers' compensation representative satisfy the first prong of the anti-SLAPP statute. The statements were made to the representative after the representative reached out to Mr. Diaz to investigate Plaintiff's claim. Even though Plaintiff did not ultimately file a workers' compensation claim, Mr. Diaz's statement to the representative was in anticipation of such a claim. Plaintiff's Opposition focuses on how he never filed a claim. However, Plaintiff does not dispute that a workers' compensation claim was prepared on his behalf based on statements he made threatening workplace violence if he did not receive a leave of absence for stress. Plaintiff also does not dispute that Mr. Diaz's statements were made in connection with the initiation of the workers' compensation claim.

As such, Mr. Diaz's oral statements qualify for protection under the anti-SLAPP statute.

**C.      Plaintiff's Probability of Prevailing**

As Defendants satisfy the first prong of the anti-SLAPP statute as it relates to the statements made to the workers' compensation representative, the burden shifts to Plaintiff to demonstrate a probability that he will prevail on the claim.

This requires a plaintiff to show that he has "stated and substantiated a legally sufficient claim." *Briggs*, 19 Cal. 4th at 1115 (1999). This prong is a "summary-

judgment-like procedure." *Taus v. Loftus*, 40 Cal. 4th 683, 714 (2007). A plaintiff must also present admissible evidence to defeat any privilege or legal defenses raised by the defendant, including statements that are privileged under California Code Civil Code section 47. *Kashian v. Harriman*, 98 Cal. App. 4th 892, 903–04 (2002).

California Civil Code section 47 creates an absolute privilege to "communications involving quasi-judicial proceedings, including workers' compensation proceedings." *Harris v. King*, 60 Cal. App. 4th 1185, 1187 (1998). The absolute privilege "extends to communications intended to report wrongdoing or trigger an investigation," and includes steps taken prior to and after the proceedings. *Hawran v. Hixson*, 209 Cal. App. 4th 256, 282 (2012). The privilege is "broadly applied and doubts are resolved in its favor." *Id.* at 283.

Mr. Diaz's statements to the workers' compensation representative are absolutely privileged under Civil Code section 47. Plaintiff does not address the absolute privilege in his Opposition.[3] (*See generally* Opp'n.) It appears that Plaintiff's only argument is that no official workers' compensation claim was ever filed and no outside agencies were ever involved, and only statements to an official agency are protected. (*See* Opp'n 13–14.) Plaintiff's position is not supported by the law. In *Comstock*, the court held that "allegedly defamatory statements . . . in connection with a *potential* complaint to HUD and a *potential* small claims case" fall within the protections of Civil Code section 47. *Comstock v. Aber*, 212 Cal. App. 4th 931, 944 (2012). It is undisputed that Mr. Diaz's statements were made in connection with a potential workers' compensation claim. Even though the claim was not

---

[3] Plaintiff argued that Defendants waived this defense. (Opp'n 17.) However, Plaintiff has not made a showing of prejudice, particularly when the record is well-developed and there is no dispute that Mr. Diaz made his oral statements to a workers' compensation representative. *See Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993) ("In the absence of a showing of prejudice . . . an affirmative defense may be raised for the first time at summary judgment."); *Sengchanthalangsy v. Accelerated Recovery Specialists, Inc.*, 473 F. Supp. 2d 1083, 1087 (S.D. Cal. 2007) ("If there is no dispute as to the operative facts, the applicability of the litigation privilege is a question of law. Any doubt about whether the privilege applies is resolved in favor of applying it.") (internal quotation marks and citations omitted).

ultimately filed, the absolute privilege still protects Mr. Diaz's statements, even if his statements were "prepared and communicated maliciously and with knowledge of their falsity." *Harris*, 60 Cal. 4th at 11888.

Plaintiff has not satisfied his burden, and as such, Mr. Diaz's statements to the workers' compensation representative are absolutely privileged.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Strike. (ECF No. 138.) The issue of an award of attorneys' fees and costs to Defendants will be addressed at the conclusion of the case and be made part of the final judgment.

**IT IS SO ORDERED.**

April 18, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**