# United States District Court
# Central District of California

| | |
|---|---|
| THOMAS H. WAGNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY et al.,<br><br>　　　　Defendants. | Case No.: 2:16-cv-06259-ODW (PLA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS [219]** |

## I.　INTRODUCTION

Following the Court's Order Granting, In Part, Denying, In Part, Defendant Southern California Edison Company's ("Edison") Special Motion to Strike ("Anti-SLAPP Order," ECF No. 167) and a jury trial, Edison moved to recover its attorneys' fees and costs (Mot. for Att'ys' Fees ("Mot."), ECF No. 219). Specifically, Edison argues that it is the prevailing party on its Special Motion to Strike Defamation Claim ("Anti-SLAPP Motion") (ECF No. 138), and is thus entitled to recover its attorneys' fees and costs pursuant to California Code of Civil Procedure section 425.16. For the following reasons, the Court **GRANTS** Edison's Motion.[1]

---

[1] After considering the papers filed in connection with this Motion, the Court deemed this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2019, Edison filed its Anti-SLAPP Motion to strike Plaintiff Thomas Wagner's ("Wagner") defamation claim. On April 18, 2019, the Court granted, in part, and denied, in part, Edison's Anti-SLAPP Motion. (Anti-SLAPP Order 1.) Specifically, the Court found that statements made to Edison's human resources department did not qualify for protection under the anti-SLAPP statute, but struck Wagner's defamation claim as it related to statements made to Edison's workers' compensation representative. (Anti-SLAPP Order 6–9.)

On April 23, 2019, a jury trial commenced in this case. (Mins. of Jury Trial, ECF No. 192.) On April 26, 2019, the jury returned a special verdict of $300 for Wagner on his defamation claim and for Edison on all other claims. (Jury Verdict, ECF No. 202.) Edison now moves to recover its attorneys' fees and costs on the basis that it was the prevailing party on the Anti-SLAPP Motion. (Mot. 3–4.)

## III. LEGAL STANDARD

California's anti-SLAPP (Strategic Lawsuit against Public Participation) statute allows defendants to make a special motion to strike a claim if that claim arises from an act by the defendants to further their right of petition or free speech in connection with a public issue. Cal. Civ. Proc. Code § 425.16(b)(1); *see also Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (concluding that the twin aims of the *Erie* doctrine "favor application of California's anti-SLAPP statute in federal cases). "[A] prevailing defendant on a special motion to strike shall be entitled to recover [its] attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees.").

### A. Prevailing Party

A party that partially prevails on an anti-SLAPP motion "must generally be considered a prevailing party unless the results of the motion were so insignificant that

the party did not achieve any practical benefit from bringing the motion." *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th, 328, 340 (2006). Courts will consider the following factors in determining whether to award attorneys' fees to parties that partially prevail on an anti-SLAPP motion: (1) "extent to which the defendant's litigation posture was advanced by the motion"; (2) "whether the same factual allegations remain to be litigated"; (3) "whether discovery and motion practice have been narrowed"; and (4) "the extent to which future litigation expenses and strategy were impacted by the motion." *Id.* at 345.

Here, it is undisputed that Edison partially prevailed on its Anti-SLAPP Motion. (*See* Opp'n to Mot. ("Opp'n") 7, ECF No. 224; Mot. 5.) Wagner argues only that the results of the Anti-SLAPP Motion were minimal and insignificant, and Edison did not obtain any practical benefit from the Anti-SLAPP Motion. (Opp'n 7–9.) Here, Wagner insists that the exclusion of the statements to workers' compensation did not have any practical benefit since the jury heard the same statements that were presented to human resources and awarded Wagner $300. (*See* Opp'n 8–9.) Not so.

Wagner attempted to proceed on two theories of defamation, and through the Anti-SLAPP Motion, Wagner was only allowed to proceed on one theory. This resulted in a jury trial that lasted only four days and eliminated a critical witness, Karen Phillipo (and corresponding exhibits), who Wagner repeatedly attempted to unsuccessfully call at trial. This advanced Edison's litigation posture and negatively affected Wagner's litigation strategy at trial.

Moreover, although the same statements were made to human resources and the workers' compensation representative, the factual circumstances were different. In one instance, Wagner's immediate supervisor, Michael Diaz, sent an unsolicited letter to human resources, and in the other, the workers' compensation representative reached out to Mr. Diaz to investigate Wagner's workers' compensation claim. (Anti-SLAPP Order 7.) Thus, at trial, the remaining factual allegation that was litigated was the circumstances surrounding the statement made to human resources, not the

workers' compensation claim. This also resulted in a narrowed motion practice as the workers' compensation theory was not subject to Edison's Rule 50(a) Nonsuit Motion or Edison's Motion for Summary Judgment.

Thus, Edison is entitled to its attorneys' fees and costs.

**B.     Reasonableness of Hours and Fees**

Where a defendant is only partially successful on an anti-SLAPP motion, the fees awarded "should be commensurate with the extent to which the motion changed the nature and character of the lawsuit." *Mann*, 139 Cal. App. 4th at 345. Where a party prevails on some claims and not others, courts can award fees to all claims if there are "overlapping factual and legal issues involved in those claims." *Id.* at 343. Courts should "first determine the lodestar amount for the hours expended on the successful claims, and, if the work on the successful and unsuccessful causes of action was overlapping, the court should then consider the defendant's relative success on the motion . . . and reduce the amount if appropriate." *Id.* at 345.

The party seeking attorneys' fees and costs bears "the burden of establishing an award and documenting the appropriate hours expended and hourly rates." *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001) (internal quotation marks omitted). A reasonable fee is determined by the lodestar figure, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Gate v. Duekmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). A reasonable hourly rate "is that prevailing in the community for similar work." *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1090 (2000).

Additionally, a party who prevails on an anti-SLAPP motion is also entitled to recover attorneys' fees "to establish and defend the fee claim," also known as "fees on fees." *Ketchum*, 24 Cal. 4th at 1141.

Here, Edison spent 49.5 hours on the Anti-SLAPP Motion and 31 hours on the instant fee Motion at various rates (as reflected below). (Mot. 9; *see* Decl. of Reginald Roberts, Jr. ("Roberts Decl.") ¶¶ 9–10, ECF No. 219-1; Decl. of Melvin L. Felton

("Felton Decl.") ¶ 5, ECF No. 219-3; Suppl. Decl. of Melvin L. Felton ("Suppl. Felton Decl.") ¶ 3, ECF No. 225-1.)

| Anti-SLAPP Motion | | | |
|---|---|---|---|
| **Name** | **Rate** | **Hours** | **Lodestar** |
| Reginald Roberts, Jr. | $335 | 38 | $12,730.00 |
| Melvin L. Felton | $225 | 7 | $1575.00 |
| Carl Berthold (Law Clerk) | $165 | .6 | $99.00 |
| Marilyn Perez-Garcia (Paralegal) | $105 | 3.9 | $409.50 |
| | **Totals** | **49.5** | **$14,813.50** |

| Fee Motion | | | |
|---|---|---|---|
| **Name** | **Rate** | **Hours** | **Lodestar** |
| Reginald Roberts, Jr. | $335 | 2 | $670.00 |
| Melvin L. Felton | $225 | 24 | $5400.00 |
| Carl Berthold (Law Clerk) | $165 | 5 | $825.00 |
| | **Totals** | **31** | **$6895.00** |

Here, Edison's Counsel attached copies of their billing records providing detailed information about how they spent their time on the Anti-SLAPP Motion. (*See* Roberts Decl. Ex. A.) Based on the Court's review of Edison's billing entries, the hours appear reasonable. *See Lin v. Dignity Health-Methodist Hosp. of Sacramento*, No. S-14-0666 KJM CKD, 2014 WL 5698448, at *4 (E.D. Cal. Nov. 4, 2014) (collecting cases where courts found 40 to 71.5 hours spent on anti-SLAPP

motions to be reasonable). Moreover, Wagner did not address or otherwise oppose the reasonableness of Edison's hours.

Additionally, Edison's hourly rates appear reasonable. In evaluating rates, courts consider the reasonableness of rates for the specific geographic area and type of practice. *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). Edison's lead counsel, Reginald Roberts, Jr. has practiced employment litigation for approximately 19 years and has billed clients in excess of $800 per hour. (Roberts Decl. ¶ 3.) However, Mr. Roberts provides Edison with a special rate of $335 per hour. (Roberts Decl. ¶ 4.) Mr. Felton has practiced employment litigation for approximately 8 years and has billed clients in excess of $500 per hour. (Felton Decl. ¶ 3.) Like Mr. Roberts, Mr. Felton provides Edison with a special rate of $225 per hour. (Felton Decl. ¶ 4.) These rates appear reasonable compared to the hourly rates of other attorneys in the Central District. *See Grant & Eisenhofer, P.A. v. Brown*, No. CV 17-5968 PSG (AFMx), 2018 WL 4945303, at *2 (C.D. Cal. May 14, 2018) (finding that in Los Angeles, partners have an hourly rate ranging from $400 to $847, and associates from $300 to $595). The rates charged by Edison's Counsel are below the range of rates typically charged by partners and associates in Los Angeles. *See id.* Moreover, Wagner did not address or otherwise oppose the reasonableness of the hourly rates. Accordingly, the Court finds that the hourly rates are reasonable.

Although Edison was only partially successfully on its Anti-SLAPP Motion, the Court finds that the work on the successful and unsuccessful claims largely overlapped such that it is not appropriate to reduce Edison's fees. Specifically, the legal issues largely overlapped as both involved defamatory statements and whether the statements were qualified to protections under the anti-SLAPP statute. (*See generally* Anti-SLAPP Order.) Further, although the circumstances surrounding the alleged defamatory statements were different, the statements made to both human resources and the workers' compensation representative were the same. As the Court addressed above, Edison advanced its litigation position significantly through the

Anti-SLAPP Motion, and eliminated an entire basis of Wagner's defamation claim and removed a witness from trial. As such, Edison's attorneys' fees do not warrant a reduction.

Edison also seeks to recover $30.75 in costs related to service of the Anti-SLAPP Motion. (Suppl. Felton Decl. ¶ 4, Ex. A.) This is also unopposed. As such, Edison is also entitled to recover its costs. *See* Cal. Civ. Proc. Code § 425.16(c)(1) ("[A] prevailing defendant . . . shall be entitled to recover his or her attorney's fees and costs.").

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Edison's Motion (ECF No. 219) and **awards Edison $21,708.50 in attorneys' fees and $30.75 in costs**. (ECF No. 219.)

**IT IS SO ORDERED.**

September 9, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**