JS-6

# United States District Court
# Central District of California

THOMAS H. WAGNER,

    Plaintiff,

  v.

SOUTHERN CALIFORNIA EDISON COMPANY et al.,

    Defendants.

Case No.: 2:16-cv-06259-ODW (PLA)

**JUDGMENT**

This action came on for Jury Trial on April 23, 2019, in Department 5D of the Central District of California, located at 350 West 1st Street, Los Angeles, California, the Honorable Otis D. Wright, II presiding.

A jury of nine (9) persons was regularly impaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return a verdict. The jury deliberated and thereafter returned to the Court its verdict, as follows, to wit:

## VIOLATION OF RIGHTS UNDER THE CALIFORNIA FAMILY RIGHTS ACT ("CFRA") – RETALIATION

1. Was Plaintiff eligible for family care leave?
   ✓ Yes     ___ No

   If your answer to Question No. 1 is "No," stop here, answer no further questions in this section, and move on to Question No. 7. If your answer to Question No. 1 is "Yes," then answer Question No. 2.

2. Did Plaintiff exercise his right to take family care leave?
   ✓ Yes     ___ No

   If your answer to Question No. 2 is "No," stop here, answer no further questions in this section, and move on to Question No. 7. If your answer to Question No. 2 is "Yes," then answer Question No. 3.

3. Did Defendant take adverse employment action against Plaintiff?

   _____ Yes    ✓ No

   If your answer to Question No. 3 is "No," stop here, answer no further questions in this section, and move on to Question No. 7. If your answer to Question No. 3 is "Yes," then answer Question No. 4.

4. Was Plaintiff's exercise of his right to take family care leave a substantial motivating reason for taking adverse employment action against Plaintiff?

   _____ Yes    _____ No

   If your answer to Question No. 4 is "No," stop here, answer no further questions in this section, and move on to Question No. 7. If your answer to Question No. 4 is "Yes," then answer Question No. 5.

5. Was Plaintiff harmed?

   _____ Yes    _____ No

   If your answer to Question No. 5 is "No," stop here, answer no further questions in this section, and move on to Question No. 7. If your answer to Question No. 5 is "Yes," then answer Question No. 6.

6. Was Defendant's conduct a substantial factor in causing Plaintiff's harm?

   _____ Yes    _____ No

   Move on to Question No. 7.

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

7. Was Plaintiff discharged?

    ✓ Yes          ___ No

If your answer to Question No. 7 is "No," stop here, answer no further questions in this section, and move on to Question No. 10. If your answer to Question No. 7 is "Yes," then answer Question No. 8.

8. Was Plaintiff's request for or taking of family care leave a substantial motivating reason for Defendant's decision to discharge Plaintiff?

    ___ Yes        ✓ No

If your answer to Question No. 8 is "No," stop here, answer no further questions in this section, and move on to Question No. 10. If your answer to Question No. 8 is "Yes," then answer Question No. 9.

9. Did the discharge cause Plaintiff harm?

    ___ Yes        ___ No

Move on to Question No. 10.

## DAMAGES

10. If you answered "Yes" to Question Nos. 6 **or** 9, answer Question No. 11.

11. What are Plaintiff's damages?

    a.    Economic Loss
          [lost earnings]    $_____

    b.    Noneconomic loss    $_____
          [including physical pain,
          mental suffering,
          inconvenience, grief,
          anxiety, humiliation,
          emotional distress]

                    TOTAL

                          $_____

If you entered a total value of $0.00 in response to Question No. 11, then move to the next section and answer Question 13. If you entered a total value greater an $0.00 in response to Question No. 11, then go to Question 12.

12. What portion, if any, of the lost wages, earnings or benefits did Defendant prove Plaintiff could have avoided by making reasonable efforts to obtain substantially similar employment?

                                  $_____

Move on to Question No. 13.

**DEFAMATION**

13. Did Michael Diaz make one or more of the following statements to a person or persons other than Plaintiff?

a. Plaintiff "sexually harassed multiple women in the workforce;"
b. Plaintiff "was caught going through the supervisor's office file cabinets;"
c. Plaintiff "told untruths" about "circumstances in the workplace;"
d. During a workplace investigation, Plaintiff "made false statements to cover his insubordination and poor behavior;"
e. Plaintiff "doesn't exhibit any of SCE's core values;"
f. Plaintiff has "mistreated management;"
g. Plaintiff made "threatening comments that led to an armed security officer at our work location;"
h. Plaintiff is "emotionally unstable, professionally unethical and immoral;" **or**
i. Plaintiff doesn't like to do his job, essentially, in that it "isn't worth his time" to do so.

　✓　 Yes 　＿＿＿ No

If your answer to Question No. 13 is "No," stop here, answer no further questions in this section, and have the foreperson sign the verdict form. If your answer to Question No. 13 is "Yes," then answer Question No. 14.

14. Did the person or people to whom the statements were made reasonably understand that the statements were about Plaintiff?

　✓　 Yes 　＿＿＿ No

6

If your answer to Question No. 14 is "No," stop here, answer no further questions in this section, and have the foreperson sign the verdict form. If your answer to Question No. 14 is "Yes," then answer Question No. 15.

15. Did Michael Diaz fail to use reasonable care to determine the truth or falsity of the statement?

✓ Yes ___ No

If your answer to Question No. 15 is "No," stop here, answer no further questions in this section, and have the foreperson sign the verdict form. If your answer to Question No. 15 is "Yes," then answer Question No. 16.

16. Was the statement substantially true?

___ Yes ✓ No

If your answer to Question No. 16 is "Yes," stop here, answer no further questions in this section, and have the foreperson sign the verdict form. If your answer to Question No. 16 is "No," then answer Question No. 17.

17. What are Plaintiff's Damages?  $ 300

It appearing by reason of said verdict that:

Defendant Southern California Edison Company is entitled to judgment against Plaintiff Thomas Wagner regarding Plaintiff's CFRA Retaliation and Wrongful Termination in Violation of Public Policy claims. Plaintiff is entitled to judgment against Defendant regarding Plaintiff's defamation claim.

Now, therefore, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff Thomas Wagner shall recover $300 by reason of Plaintiff's Complaint, and shall recover no costs or fees from Defendant Southern California Edison Company.

It is further **ORDERED, ADJUDGED, and DECREED** that Defendant Southern California Edison Company shall recover costs and fees from Plaintiff Thomas Wagner as a result of the Court's Order Granting, In Part, Denying, In Part, Defendants' Special Motion to Strike (ECF No. 167) and the Court's Order Granting Defendant's Motion for Attorneys' Fees and Costs in the amount of **$21,708.50 in attorneys' fees and $30.75 in costs**.

**IT IS SO ORDERED.**

September 9, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**